**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

PARRIS MARSHAY HILL                                                                PLAINTIFF
#0033839

v.                                        3:22-cv-00032-DPM-JJV

FALICIA ROWLAND, Lieutenant,
Greene County Detention Center; *et al.*                                DEFENDANTS

<u>**ORDER**</u>

Parris Marshay Hill ("Plaintiff"), a pre-trial detainee at the Greene County Detention Facility, has filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He filed an Application To Proceed In District Court Without Prepaying Fees or Costs ("Application"). (Doc. No. 1.)

**I.      FILING FEE**

The total cost for filing a civil action in federal court is $402, which includes a $350 statutory fee and a $52 administrative fee. A prisoner who does not seek or is denied *in forma pauperis* ("IFP") status must pay the full $402 fee immediately. However, if IFP status is granted, the $52 administrative fee is waived, and the prisoner must pay the $350 statutory fee in monthly installments taken from his or her institutional account. 28 U.S.C. § 1915(b); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). If the prisoner has sufficient funds, an initial partial filing fee is collected as soon as IFP status is granted, and the remainder of the fee is collected monthly. 28 U.S.C. § 1915(b)(1). The Court makes these determinations based on the financial information provided in an Application and a Calculation of Initial Payment of Filing Fee ("Calculation Sheet"). Importantly, if the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full fee will be collected, and no portion will be

refunded to the prisoner.

Plaintiff's Application (Doc. No. 1) is denied as incomplete because it is missing a Calculation Sheet, which seeks information about the funds that may have been in Plaintiff's institutional account for the last six months. The Court must have that information to determine whether Plaintiff is entitled to proceed IFP and, if so, the amount of the initial partial filing fee. Plaintiff has thirty (30) days to either pay the $402 filing fee in full or file a properly completed Application and Calculation Sheet.

## II.   PROCEEDING *PRO SE*

The Court is sensitive to the fact that *pro se* litigants like Plaintiff are not trained in the law and will give deference to a *pro se* plaintiff where the law requires. However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). For this reason, the Court will only consider claims properly pled in a Complaint or in a superseding Amended Complaint. The Court will not consider claims stated in notices or other pleadings that fail to comply with the Federal Rules of Civil Procedure**. This means that all allegations against all defendants must be included in one document that is labeled as a Complaint or Amended Complaint. Importantly, an Amended Complaint will replace the original Complaint and render it without any legal effect.**

Plaintiff also must comply with the Local Rules of the Court. Of particular note to *pro se* plaintiffs is Local Rule 5.5(c)(2), which states:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. **If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.** Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

2

Loc. R. 5.5(c)(2) (emphasis added).

## III.   SERVICE OF DEFENDANTS

It is your responsibility to identify all Defendants, including "John/Jane Doe" Defendants. All Defendants, including any "John/Jane Doe" Defendants must be served within 90 days of filing the Complaint.   If you are allowed to proceed IFP, the Court will order service of any claims that survive screening on all properly identified Defendants.   However, you are responsible for providing sufficient identifying information and valid service addresses for each Defendant.   Any Defendant who is not served within 90 days may be dismissed, without prejudice, from the lawsuit. *See* Fed. R. Civ. P. 4(m); *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993).

## IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.      Plaintiff's Application (Doc. No. 1) is DENIED.

2.      The Clerk is directed to mail Plaintiff an Application and a Calculation Sheet.

3.      Plaintiff must, **within thirty (30) days of the date of this Order**, either: (a) pay the full $402 filing fee; or (b) file a properly completed Application and Calculation Sheet.[1] Failure to do so may result in dismissal of this action without prejudice.

DATED this 25th day of February 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff must complete and sign the Application, while an authorized jail official must complete and sign the Calculation Sheet.