IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

PARRIS MARSHAY HILL                                                                                          PLAINTIFF
#0033839

v.                                              3:22-cv-00032-DPM-JJV

FALICIA ROWLAND, Lieutenant,
Greene County Detention Center; *et al.*                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended Disposition has been sent to United States District Chief Judge D.P. Marshall Jr. Any party may serve and file written objections to this Disposition. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

**I.     INTRODUCTION**

Parris Marshay Hill ("Plaintiff"), a pre-trial detainee at the Greene County Detention Facility ("Detention Facility"), filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) In his original Complaint, Plaintiff made numerous unrelated allegations against eleven Defendants and several Doe Defendants. (*Id*.) The allegations spanned from September 2020 until January 2022. (*Id*.) Plaintiff alleged, *inter* alia : (1) complaints about meals including "mild nutrition," "pink ground beef," uncooked and unwashed food, not enough food, bad manners of

staff while serving food, and no water; (2) the Detention Facility was not cleaned during the COVID-19 pandemic; (3) problems with his medical care that include treatment for low blood pressure and missed medications; (4) verbal abuse; (5) fear of retaliation; (6) assault; (7) issues with his mail, including "no inogent[sic] right to mail" and opened legal mail; (8) no tissue for twelve days; (9) no visitation since July 25, 2021; (10) intercoms not working; (11) kiosks not working; (12) officials not answering grievances or untimely answering urgent grievances; (13) broken and leaking toilet with bugs and no ability to clean the cell; and (14) discrimination. (*Id.*) Plaintiff sued Defendants in their official and individual capacities, seeking monetary damages and "a restra[i]nt against jail." (*Id.* at 2, 10.)

As part of the screening process, on March 9, 2022, I advised Plaintiff that his Complaint, as currently pled, failed to state a claim on which relief may be granted and explained why. (Doc. No. 5.) Plaintiff was given thirty (30) days to cure the defects by filing a superseding Amended Complaint. (*Id.* at 5.) I explained to Plaintiff what an Amended Complaint should include, if he wished to file one, and cautioned him that "an Amended Complaint renders his original Complaint without legal effect." (*Id.* at 2-5.) Plaintiff has now filed an Amended Complaint. (Doc. No. 7.)

## II. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Plaintiff's Amended Complaint is deficient for all the following reasons.

III. AMENDED COMPLAINT

    A. **Amended Complaint Left Unsigned**

Federal Rule of Civil Procedure 11 requires that every pleading be signed "by at least one attorney of record . . . or by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). Plaintiff did not sign his Amended Complaint. (Doc. No. 7.) As such, Plaintiff's Amended Complaint is deficient and could be dismissed on this basis alone.

    B. **Official Capacity Claims Only**

In his Amended Complaint, Plaintiff did not specify in which capacity he was suing Defendants. (Doc. No. 7.) "[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Mick v. Raines*, 883 F.3d 1075,

1079 (8th Cir. 2018). Because Plaintiff did not unambiguously state he was suing Defendants in their personal capacities, I interpret his Amended Complaint as making official capacity claims only. Plaintiff has not alleged that a policy or practice was the driving force behind any alleged constitutional violation. Accordingly, Plaintiff failed to state an official capacity claim against any Defendant. *See Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989) (internal citations omitted).

### C. Personal Capacity Claims

Even if Plaintiff had sued Defendants in their personal capacities, his claim would fail. In his Amended Complaint, Plaintiff: (1) alleges verbal abuse; (2) asks why he is in protective custody instead of population; (3) states grievances have not changed any of his issues; and (4) complains that unidentified officials do not always wear body cameras. (Doc. No. 7.) He does not identify any Defendants in his Amended Complaint. *Id*.

To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As an initial matter, Plaintiff has failed to explain how any Defendant was personally involved in any of his allegations and his claims must fail. (Doc. No. 7.) Furthermore, even if Plaintiff had identified Defendants and explained how each Defendant was personally involved,

his claims as stated do not rise to the level of a constitutional violation. *See McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993) (holding that verbal harassment, threats, and name calling are not actionable under § 1983); *Manthey v. Sabol,* 80 Fed. Appx. 538, *1 (8th Cir. 2003) (unpub. per curiam) (*citing Olim v. Wakinekona*, 461 U.S. 238, 245B48, (1983)) (inmates have no right to be housed in a particular penal unit or institution); *Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir.2002) (an inmate does not have a constitutional right to an inmate grievance procedure).

Plaintiff was warned of the deficiencies in his original Complaint, and I explained to him what his Amended Complaint should include if he chose to file one. (Doc. No. 5 at 2-5.) Plaintiff was advised to choose related claims to proceed with, provide specific facts to support his claim or related claims, and explain how he was harmed by the Defendants' conduct. *Id.* Despite these instructions, Plaintiff's Amended Complaint fails to state a claim on which relief may be granted.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint (Doc. No. 7) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action should count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

3.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 30th day of March 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE